UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREAT LAKES REINSURANCE
(UK) SE,

                Plaintiff,

      - against -

PETER HERZIG,

                Defendant.

**ORDER**

16 Civ. 9848 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      A trial in this insurance dispute is scheduled for July 10, 2023.  (June 9, 2023 Order (Dkt. No. 134))  Pending before this Court is Great Lakes' motion to quash a June 15, 2023 subpoena issued by Defendant Herzig to Plaintiff Great Lakes for trial testimony from the Great Lakes "Officer most knowledgeable about [Defendant's] counterclaims in this action." (Great Lakes Mot. (Dkt. No. 147); Subpoena (Dkt. No. 147) at 10)  The subpoena requires in-person attendance by the above-referenced Great Lakes officer at the outset of the trial on July 10, 2023.  (Id.)

      Great Lakes contends that the subpoena should be quashed because (1) it "improperly seeks to compel plaintiff's party officer to appear at trial in this matter outside the territorial scope of Rule 45"; and (2) "compelling an officer of Great Lakes to testify would be an undue burden." (Great Lakes Mot. (Dkt. No. 147) at 3, 5 (capitalization altered))

      Rule 45 of the Federal Rules of Civil Procedure provides:

(c) Place of Compliance.

    (1) For a Trial, Hearing, or Deposition.  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

>> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>>
>> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>>
>>> (i) is a party or a party's officer; or
>>>
>>> (ii) is commanded to attend a trial and would not incur substantial expense.
>
> . . . .
>
> (d) <u>Protecting a Person Subject to a Subpoena; Enforcement</u>.
>
> . . . .
>
>> (3) <u>Quashing or Modifying a Subpoena</u>.
>>
>>> (A) <u>When Required</u>.  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>>>
>>>> (i) fails to allow a reasonable time to comply;
>>>>
>>>> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>>>>
>>>> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>>>>
>>>> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(1) and (d)(3)(A) (emphases in original).

A motion to quash a trial subpoena thus requires a court to consider where the subject of the subpoena "resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A).  Here, however, Great Lakes has not identified the individual whose trial testimony is sought – <u>i.e.</u>, the Great Lakes "[o]fficer most knowledgeable about the counterclaims in this action." (Subpoena (Dkt. No. 147) at 10)  Great Lakes has also not disclosed where any such officer "resides, is employed, or regularly transacts business in person."  Absent this information, the Court cannot conduct the required analysis under Rule 45.

2

Accordingly, Great Lakes will forthwith (1) identify the officer most knowledgeable concerning Herzig's counterclaims; and (2) submit a declaration stating where that officer resides, where the officer is employed, and whether the officer regularly transacts business in person within 100 miles of 40 Foley Square, New York, New York, and/or anywhere in the State of New York.

Dated: New York, New York
July 5, 2023

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge

3