UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREAT LAKES REINSURANCE
(UK) SE,
                            Plaintiff,

            - against -

PETER HERZIG,
                            Defendant.

**ORDER**

16 Civ. 9848 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

A trial in this insurance dispute is scheduled for July 10, 2023.  (June 9, 2023 Order (Dkt. No. 134))  Pending before the Court is Great Lakes' motion to quash a June 15, 2023 subpoena issued by Defendant Herzig to Plaintiff Great Lakes for trial testimony from the Great Lakes "Officer most knowledgeable about [Defendant's] counterclaims in this action."  (Great Lakes Mot. (Dkt. No. 147); Subpoena (Dkt. No. 147) at 10)[1]  The subpoena requires in-person attendance by the above-referenced Great Lakes officer at the outset of the trial on July 10, 2023.  (Id.)  For the reasons stated below, the motion to quash will be granted.

**BACKGROUND**

In response to the subpoena, Great Lakes states that its "party officer with the most knowledge regarding [Herzig's] counterclaims is Beric Anthony Usher," the Managing Director and Senior Underwriter for Concept Special Risks Ltd., Great Lakes' "managing general agent."  In the alternative, should "the Court require [] that the 'party officer' not be [an employee of] a managing agent," but rather, a Great Lakes employee, Great Lakes states that the "'party officer' with the most knowledge concerning [Herzig's] Counterclaims . . . would be

_____

[1]  The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

Steve Sensibar, Senior Claims Manager of Great Lakes." (Great Lakes Supp. Br. (Dkt. No. 162) at 1-2 (capitalization altered))

In his declaration, Usher states that he "reside[s] in Harrogate, North Yorkshire, United Kingdom; [he is] employed [by Concept] in Leeds, West Yorkshire, United Kingdom; . . . all work [he] perform[s] is done in the United Kingdom; . . . . [and he does] not regularly transact business in person within 100 miles of 40 Foley Square, New York, New York, nor [does he] regularly transact any business in person anywhere in the State of New York." (Usher Decl. (Dkt. No. 162-1) ¶¶ 14-15) Usher further states that

> Concept reported to Steven Sensibar, the Senior Claims Manager of Great Lakes at all times material hereto, but he merely approved Concept's recommendations regarding the filing of litigation and claim settlement. Mr. Sensibar resides in London, he is employed in London, and he does not regularly transact business in person within 100 miles of 40 Foley Square, New York, New York, nor does he regularly transact business in person anywhere in the State of New York.

(Id. ¶ 11)[2]

## PROCEDURAL HISTORY

Great Lakes moved to quash on June 26, 2023. (Dkt. No. 147) Herzig filed his opposition to the motion to quash on July 3, 2023. (Dkt. No. 156) In response to a July 5, 2023 Order from this Court (Dkt. No. 160), Great Lakes made a supplemental submission on July 6, 2023, in which it (1) identifies Usher, or in the alternative, Sensibar as the relevant party officer; and (2) attaches Usher's declaration. (Dkt. No. 162)

---

[2] As to Usher's competence to describe Sensibar's place of residence, place of employment, and where he regularly transacts business, Usher maintains in his declaration that he "has personal knowledge of all matters contained in [it]." (Usher Decl. (Dkt. No. 162-1) ¶ 2 and p. 3)

## DISCUSSION

Great Lakes contends that the subpoena should be quashed because (1) it "improperly seeks to compel plaintiff's party officer to appear at trial in this matter outside the territorial scope of Rule 45"; and (2) "compelling an officer of Great Lakes to testify would be an undue burden." (Great Lakes Mot. (Dkt. No. 147) at 3, 5 (capitalization altered))

## I.   LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure provides:

(c) Place of Compliance.

(1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

. . . .

(d) Protecting a Person Subject to a Subpoena; Enforcement.

. . . .

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

> (iii) requires disclosure of privileged or other protected
> matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(1) and (d)(3)(A) (emphases in original).

> Rule 45 was amended in 2013 to resolve a split among federal courts across the
> nation (and even some within the same judicial district) as to the Rule's
> applicability to subpoenaing parties and party officers who reside or transact
> business outside the 100-mile subpoena radius of the trial court.  See Fed. R. Civ.
> P. 45(c) advisory committee's note to 2013 amendment.  Prior to 2013, though
> Rule 45 appeared to limit the subpoena power "only [to an area] . . . within 100
> miles of the place of trial," it expressly required courts to quash requests for
> subpoena only where such requests required a person who was neither a party nor
> party officer to travel more than 100 miles from their domicile or place of
> employment.  Fed. R. Civ. P. 45(c) (amended 2013).  Thus, although some courts
> viewed Rule 45 as vesting in them authority to compel party officers to testify no
> matter their distance from the trial court, see In re Vioxx Products Liability
> Litigation, 438 F. Supp. 2d 664 (E.D. La. 2006), others held Rule 45 did not
> authorize courts to require attendance of parties and party officers at trial when
> they would have to travel more than 100 miles, see, e.g., Johnson v. Big Lots
> Stores, Inc., 251 F.R.D. 213 (E.D. La. 2008); see also Chao v. Tyson Foods, 255
> F.R.D. 556 (N.D. Ala. 2009).  The 2013 Amendments resolved the Rule's
> ambiguities in favor of the latter interpretation:  The 100-mile and state radii now
> apply to party and non-party alike.  As the comments to the Rule provide, "Rule
> 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party
> officer to travel more than 100 miles unless the party or party officer resides, is
> employed, or regularly transacts business in person in the state."  Fed. R. Civ. P.
> 45(c) advisory committee's note to 2013 amendment.

Saget v. Trump, 351 F. Supp. 3d 251, 253–54 (E.D.N.Y. 2019) (granting motion to quash)

(emphases in Saget).

In short, in the wake of the 2013 amendment to Rule 45, a trial "subpoena[] [that]

require[s] the attendance of any plaintiff who resides outside the territorial power of the Court to

compel attendance by subpoena under Rule 45(c)(1) . . . [may be] quashed for that reason alone."

Keawsri v. Ramen-Ya Inc., No. 17-CV-2406 (LJL), 2022 WL 2162981, at *2 (S.D.N.Y. May 5,

2022).

II.     **APPLICATION**

As noted above, Great Lakes has proffered two individuals who it contends might be regarded as the party officer most knowledgeable about Herzig's counterclaims:  Beric Anthony Usher and Steven Sensibar.  Both Usher and Sensibar reside in the United Kingdom, which is more than 100 miles away from the courthouse in which the forthcoming trial will take place; neither resides in New York; both men are employed in the United Kingdom, and neither regularly transacts business within 100 miles of the courthouse in which the forthcoming trial will take place, or anywhere in New York.  (Usher Decl. (Dkt. No. 162-1) ¶¶ 11, 14-15)  Accordingly, under Rule 45, both Usher and Sensibar are outside the territorial power of this Court to compel attendance at trial.  See Fed. R. Civ. P. 45(c)(1).  The subpoena therefore must be quashed.  See Fed. R. Civ. P. 45(d)(3)(A)(ii) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c) . . . ."); Saget, 351 F. Supp. 3d at 253–54; Keawsri, 2022 WL 2162981, at *2.

Herzig's argument that Great Lakes transacts business in New York because it (1) commonly litigates in New York; and (2) includes a New York choice-of-law provision in its policies (Herzig Opp. to Great Lakes Mot. (Dkt. No. 156) at 3-4) is irrelevant.  As an initial matter, Herzig has not cited case law demonstrating that the "transacts business" requirement can be satisfied by prior litigation and the use of choice of law provisions.  In any event, the inquiry under Rule 45 is directed at where the "person" whose attendance is commanded "resides, is employed, or regularly transacts business in person," Fed. R. Civ. P. 45(c)(1)(A), not where that person's employer transacts business.  And to the extent that Herzig complains that Great Lakes threatened – at an earlier point – "'to bring every witness[] from the UK' for a bench trial against Herzig" (Herzig Opp. to Great Lakes Mot. (Dkt. No. 156) at 5) (emphasis in original), that point

is irrelevant.  There are no equitable considerations at issue here, because "'[t]here is no . . .

discretion in [this] application of Rule 45.'"  <u>Keawsri</u>, 2022 WL 2162981, at *2 (quoting

<u>Standard Metals Corp. v. Tomlin</u>, No. 80 CIV. 2983, 1982 WL 1300, at *2 (S.D.N.Y. Apr. 14,

1982)).

       In sum, Rule 45 requires this Court to grant Great Lakes' motion to quash

Herzig's June 15, 2023 trial subpoena.[3]

---

[3]  Herzig's reliance on <u>Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas</u>, 262 F.R.D.
293 (S.D.N.Y. 2009) (<u>see</u> Herzig Opp. to Great Lakes Mot. (Dkt. No. 156) at 3) is misplaced,
because <u>Aristocrat Leisure</u> is a 2009 case that precedes the 2013 amendment to Rule 45.  As
discussed above, the 2013 amendment makes clear that a court must grant a motion to quash a
trial subpoena directed to a party officer outside of the court's territorial power.

## **<u>CONCLUSION</u>**

For the reasons stated above, Great Lakes' motion to quash is granted.  The Clerk of Court is directed to terminate the motion (Dkt. No. 147).

Great Lakes will respond to Herzig's argument that Great Lakes' refusal to produce a witness in its control entitles Herzig to an adverse inference at trial (Herzig Opp. to Great Lakes Mot. (Dkt. No. 156) at 6-7) by **July 7, 2023 at 5:00 p.m.**  In its response, Great Lakes will cite in-Circuit case law.

Dated: New York, New York
     July 7, 2023

SO ORDERED.

Paul G. Gardephe
United States District Judge